No. 28,227.

S. E. BARNHART, *Appellee*, v. JULIAN COYLE and FRANK HARRISON, *Appellants*.

(284 Pac. 401.)

Opinion filed February 8, 1930.

*A. S. Foulks,* of Topeka, and *Leo T. Gibbens,* of Scott City, for the appellants.

*R. D. Armstrong,* of Scott City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: S. E. Barnhart brought this action against Julian Coyle to recover the purchase price of a one-third interest in the Scott City laundry, which he had sold and transferred to Julian Coyle, for the purchase price of $2,313.56, by a written contract.

The contract recited that on January 25, 1926, Barnhart sold a one-third interest in the Scott City laundry, for the price named, that Barnhart agreed to accept as cash, accounts owing to the laundry, except one, the profits to be divided equally among the present owners of the laundry. Coyle agreed to accept the omitted account as cash. Barnhart agreed to accept $1,013.10, which had been loaned him by Coyle, as a payment on the purchase price, and crediting Barnhart with $35, which had been paid as interest on September 1, 1925, complete payment to be made by Coyle of the

balance on or before February 12, 1926. In the petition plaintiff stated not only the terms of the contract, but also a statement of accounts that were to be taken into consideration in charging liabilities of the three partners, the third one being Frank Harrison, and an account of the business was attached to the petition showing that after taking into consideration the charges and credits set forth, a balance was due from defendant to plaintiff in the sum of $817, for which judgment was asked. Coyle filed an answer and cross petition in which he asked for an accounting of the partnership business, to which the plaintiff replied with a general denial. Harrison, one of the partners, intervened and was made a party to the action, and he set up the fact that a partnership had been formed in October, 1923; that he and Barnhart and Coyle had entered into a verbal agreement forming a partnership, to carry on the laundry business, and that it continued until January 25, 1926, when it was dissolved by the withdrawal of Barnhart; that no accounting of the partnership business was had on January 25, 1926, and none had been taken for a long time previous thereto. He alleged further that he was entitled to one-third of the profits of said partnership, which can be ascertained only by an accounting which he said should be made. Coyle had filed a motion for judgment on the pleadings upon the grounds that the allegations of the plaintiff's petition showed that the partnership was dissolved, and that no accounting had ever been made among its members, and also that the dissolution of the partnership had been alleged which had been admitted by plaintiff's unverified reply. The motion was overruled and a trial and an accounting was had by the court in which it was found that plaintiff was entitled to recover from Coyle $667.44, and there was a further finding that Barnhart was indebted to Harrison in the sum of $130.15, which sum should be paid to defendant out of the judgment against the defendant, Coyle. A motion for a new trial was made and overruled, from which defendants appeal.

The principal error assigned is the denial of Coyle's motion for judgment on the pleadings and the rendition of judgment in favor of the plaintiff.

The contention in defendants' brief is that the action had been brought to recover an indebtedness on the contract, that the court overruled Coyle's motion to make the petition more definite and certain, showing that it was a partnership transaction, and that the parties would then have known that this was a partnership settle-

ment to determine the interest of each of the parties, and that an accounting was the only remedy. Therefore, the motion for judgment on the pleadings should have been sustained, the partnership declared dissolved and an accounting ordered.

In his petition the plaintiff did not ask for an accounting, but only for a judgment against Coyle for the amount due under the contract of sale of the one-third interest in the laundry business. In Coyle's motion for judgment on the pleadings he stated that plaintiff's petition disclosed that a partnership had existed which was now dissolved, and in his answer he asked for an accounting of the business. Harrison, the other partner, also asked for an accounting. The plaintiff had set up a detailed account of the business for the consideration of the court, and as notice to defendants of plaintiff's claims. An accounting appears to have been essential to the determination of the shares of each partner, including the amount due plaintiff under his contract with Coyle. The defendants' request for an accounting was granted and made without any objection by plaintiff. The defendants do not challenge the correctness of the accounting that was made, nor the justice of the proportionate shares awarded to each party in the judgment.

The only grounds of appeal are that the court did not sustain defendants' motion to make plaintiff's petition more definite and certain in respect to the membership of the partnership, whether the accounts set forth by plaintiff were the result of an accounting or not, and further that the motion for judgment on the pleadings should have been allowed. There was no real question as to who had been partners in the business and, as shown, a full accounting was made of which there is no complaint.

It is obvious that there was no material error in the case and no good grounds for the appeal taken.

The judgment is affirmed.